DECISION AND JOURNAL ENTRY
{¶ 1} Appellant Avon Lake Sheet Metal Co., Inc. has appealed from an order of the Lorain County Court of Common Pleas that vacated a previous entry of summary judgment in favor of Appellant Avon Lake Sheet Metal Co., Inc. This Court reverses.
 I {¶ 2} Prior to April 2002, Appellant Avon Lake Sheet Metal Co., Inc. ("ALSMC") completed work for Huntington Environmental Systems, Inc. ("Huntington"). Huntington failed to compensate ALSMC and on April 24, 2002, ALSMC obtained a default judgment against Huntington for $51,603 with interest of 10% per annum with costs.
 {¶ 3} On July 3, 2002, ALMSC filed a Creditor's Bill against Huntington and Appellee Envirometric Process Controls, Inc. ("EPC"). Unrelated to its work with ALSMC, Huntington worked as a subcontractor for EPC and EPC owed Huntington money for the work. The Creditor's Bill stated that: 1) ALSMC had a judgment against Huntington; 2) EPC was indebted to Huntington; and 3) the funds EPC owed Huntington were an asset that ALSMC could not reach. The Creditor's Bill requested that: 1) EPC be enjoined from paying Huntington and Huntington be enjoined from receiving funds from EPC until ALSMC was paid in full; 2) Huntington be ordered to pay ALMSC all monies owed to it by EPC, plus interest and costs; and 3) EPC be ordered to pay ALSMC all monies EPC owed to Huntington in satisfaction of Huntington's debt to ALSMC. Huntington and EPC received notice of the Creditor's Bill. On July 29, 2002, EPC sent ALSMC a letter explaining the status of its relationship with Huntington and that it would pay Huntington sometime after the end of August.
 {¶ 4} On October 11, 2002, ALSMC filed a motion for summary judgment and restated its assertions and requests from the Creditor's Bill. On October 17, 2002, EPC sent ALSMC a letter stating that it had paid Huntington. ALSMC immediately filed an amended complaint alleging that because EPC paid Huntington after receiving the Creditor's Bill, EPC was now indebted to ALSMC for the amount EPC had paid to Huntington up to the amount Huntington owed ALSMC.
 {¶ 5} After EPC and ALSMC filed various motions and the trial court declined to vacate the underlying default judgment, ALSMC filed a second motion for summary judgment. ALSMC asserted that it was entitled to summary judgment because: 1) it properly received a default judgment against Huntington; 2) EPC was indebted to Huntington at the time of the Creditor's Bill and knew of the Creditor's Bill; and 3) EPC disregarded the Creditor's Bill and paid Huntington. In response, EPC filed a motion to reinstate its prior motion to vacate the default judgment and a motion to dismiss. The trial court denied EPC's motions. EPC then filed its own motion for summary judgment.
 {¶ 6} On August 14, 2003, after citing relevant case law on Creditor Bills and liens, the trial court found that:
"[EPC] paid [Huntington] $62,459.40 on September 19, 2002 despite the fact that it had been named a party in this action and no ruling had yet been issued. As the creditor's bill was seeking recovery of $51,603.00 and [EPC] had been served with a copy and filed a pro-se Answer, this Court finds that it acted at its own peril when it chose to pay the funds to [Huntington] and its sub-contractors rather than wait until this Court had made its ruling or deposit the funds with this Court pending the outcome of this case. Therefore, this Court finds no genuine issues of material fact that [EPC] is liable to [ALSMC]."
 {¶ 7} The trial court granted ALSMC's motion for summary judgment and ordered judgment in favor of ALSMC in the about of $51,603, together with interest at the rate of 10% per annum and costs. The trial court denied EPC's motion for summary judgment.
 {¶ 8} On August 28, 2003, EPC filed a "Motion For Relief From Judgment and Reconsideration and Leave to File a Crossclaim" ("motion for relief from judgment"). EPC argued that there were unresolved issues in the case and that ALSMC had not asked for costs. EPC also requested leave to file a cross-claim against Huntington. On September 12, 2003, EPC appealed the trial court's award of summary judgment to this Court. On September 22, 2003, this Court remanded the case back to the trial court to rule on EPC's motion for relief from judgment. On September 16, 2003, ALSMC responded to EPC's motion for relief from judgment arguing that EPC did not present any reason for such relief pursuant to Civ.R. 60(B).
 {¶ 9} On September 18, 2003, the trial court granted EPC's motion for relief from judgment and vacated its August 14, 2003 journal entry that granted ALSMC's motion for summary judgment. ALSMC quickly filed a motion for clarification and reconsideration. On October 14, 2003, the trial court found that because EPC's appeal had been filed before the trial court ruled on EPC's motion for relief from judgment, the trial court had to vacate its September 18, 2003 journal entry. The trial court, for a second time, granted EPC's motion for relief from judgment and vacated the journal entry of August 14, 2003 which had awarded summary judgment to ALSMC.[1] ALSMC has timely appealed the trial court's October 14, 2003 decision, asserting one assignment of error.[2]
 II Assignment of Error Number One
"The trial court erred as a matter of law and to the prejudice of the [ALSMC] by vacating the judgment previously rendered in favor of [ALSMC]."
 {¶ 10} In its sole assignment of error ALSMC has argued that the trial court erred in vacating its prior judgment which granted ALSMC summary judgment over EPC. Specifically, ALSMC has asserted that the trial court abused it discretion in granting EPC's motion for relief from judgment and reconsideration and leave to file a cross claim because EPC failed to meet the Civ.R. 60(B) standard. We agree.
 {¶ 11} Under Ohio law, once a trial court has entered a final judgment in a matter, such as summary judgment, a party's options for legal recourse become significantly limited. See TeamstersLocal Union No. 507 v. Nasco Indust., Inc. (Nov. 22, 2000), 9th Dist. No. 3064-M, at 3. "`A motion seeking relief from the judgment of the trial court, that is premised on law and facts that were available to the trial court at the time it made its decision, is the functional equivalent of a motion to reconsider a final, appealable judgment.'" Id., quoting Yakubik v.Yakubik (Mar. 29, 2000), 9th Dist. No. 19587, at 4. "The Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court."Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. Accordingly, "motions for reconsideration of a final judgment in the trial court are a nullity." Id. at 379.[3]
 {¶ 12} However, one is not entirely barred from collaterally challenging a final judgment. This Court has previously found that Civ.R. 60(B) provides a means for such relief. SeeTeamsters Local Union No. 507, 9th Dist. No. 3064-M. Civ.R. 60(B) governs motions for relief from judgment, and provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R. 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B).
 {¶ 13} Pursuant to Civ.R. 60(B), a movant must demonstrate three factors in order to obtain relief from judgment: (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ.R. 60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). GTE AutomaticElec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 14} If the grounds for a party's relief cannot satisfy the Civ.R. 60(B) language, "the argument is one properly reserved for a direct appeal." Teamsters Local Union No. 507, at 4. Further, "[w]ithout a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity."Pitts, 67 Ohio St.2d at 380.
 {¶ 15} In the instant case, EPC's motion for relief from judgment, which was also titled a motion for reconsideration, did not cite Civ.R. 60(B) or any language from the rule. However, because the motion was titled "Motion For Relief From Judgment and Reconsideration and Leave to File a Crossclaim," this Court construes said motion as a Civ.R. 60(B) motion. In the motion EPC stated:
"In addition, EPC asks that this court relieve EPC from the judgment, including that portion of the Judgment which assesses costs against EPC for this action, as that relief was not sought by Avon Lake."
 {¶ 16} This Court finds that EPC's motion for relief from judgment clearly failed to satisfy the language of Civ.R. 60(B) and therefore, EPC's argument was "properly reserved for a direct appeal," not a motion for relief from judgment Teamsters LocalUnion No. 507, at 4. EPC gave no Civ.R. 60(B) grounds for its motion and no explanation as to why said motion was appropriate rather than a direct appeal. This Court agrees with ALSMC's argument on appeal that EPC used Civ.R. 60(B) as a substitute for a direct appeal. "It is axiomatic that Civ.R. 60(B) may not be used as a substitute for a direct appeal." Teamsters Local UnionNo. 507, at 5, citing Doe v. Trumbull Cty. Children ServicesBd. (1986), 28 Ohio St.3d 128, 131. Based on the foregoing, this Court finds that the trial court erred when it vacated the prior order granting ALSMC summary judgment. ALSMC's sole assignment of error is well taken.
 III {¶ 17} ALSMC's sole assignment of error is sustained. The decision of the trial court is reversed and the cause is remanded to the trial court with instructions to reinstate its August 14, 2003 summary judgment order in favor of ALSMC.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Batchelder, J., Boyle, J., Concur.
[1] On October 15, 2003, ALSMC filed an appeal from the trial court's September 18, 2003 journal entry, which the trial court dismissed because that order was vacated on October 14, 2003. EPC dismissed its appeal to this Court on November 13, 2003.
[2] On December 18, 2003, this Court denied EPC's motion to dismiss the instant appeal.
[3] This Court notes that interlocutory orders are subject to motions for reconsideration.