DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Envirometric Process Controls, Inc. ("EPC"), appeals from a November 23, 2004 order of the Lorain County Court of Common Pleas, granting summary judgment in favor of Avon Lake Sheet Metal Co., Inc. ("ALSMC") and against EPC. Upon review, we conclude that the appeal must be dismissed.
 {¶ 2} The order from which the present appeal was taken was part of a creditor's bill action which Avon had filed against Huntington Environmental Systems, Inc. ("Huntington") and EPC, an alleged debtor of Huntington, seeking to collect upon Avon's previously obtained default judgment against Huntington. SeeAvon Lake Sheet Metal Co., Inc. v. Huntington EnvironmentalSystems, Inc., Lorain C.P. No. 01CV130224.
 {¶ 3} The rather lengthy factual background of this case was set forth in a prior opinion of this Court, in which ALSMC challenged the trial court's order vacating an award of summary judgment. See Avon Lake Sheet Metal Co., Inc. v. HuntingtonEnvironmental Systems, Inc. et al., 9th Dist. No. 03CA008393,2004-Ohio-5957.
 {¶ 4} In that appeal, this Court found that the trial court erred when it vacated an August 14, 2003 order granting ALSMC summary judgment. We, therefore, reversed the decision of the trial court and remanded the matter with instructions to reinstate the August 14, 2003 order granting summary judgment to ALSMC. On November 23, 2004, the trial court journalized an order reinstating the award of summary judgment to ALSMC. EPC filed the present appeal from that order.
 {¶ 5} By motion to this Court, ALSMC sought to dismiss the present appeal, arguing that EPC's appeal was untimely. ALSMC asserted that any appeal challenging the award of summary judgment to ALSMC should have properly been taken from the August 14, 2003 order, and not from the November 23, 2004 entry which merely reinstated the original order. This Court conditionally denied the motion to dismiss, and specifically reserved the right to revisit the issue in its Court of Appeals of Ohio, Ninth Judicial District final disposition of the matter. This Court also noted that our remand in C.A. No. 03CA008393 did not address the merits of the August 14, 2003 judgment. It merely stated that the trial court erred when it vacated that judgment.
 {¶ 6} We now conclude that EPC's present appeal is untimely. When the trial court issued its August 14, 2003 order granting summary judgment to ALSMC, that order was final and appealable. Any appeal from that order should have been filed within 30 days of that date. App.R.4(A). In fact, EPC did file a notice of appeal from that order as well as a motion for relief from judgment. EPC voluntarily dismissed its appeal from the August 14, 2003 order. EPC's motion for relief from judgment was granted by the trial court, but that result was overturned by this Court on an appeal taken by ALSMC. See Avon Lake Sheet Metal,2004-Ohio-5957, at ¶ 16. The directive by this Court to reinstate the August 14, 2003 order did not alter the fact that the order granting summary judgment was final and appealable on August 14, 2003. Any appellate challenge to the order of summary judgment was required to have been brought at that time. EPC's effort to challenge that order by appealing from the result of this Court's directive is improper and untimely. Consequently, this Court must dismiss the appeal.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., concurs.
Moore, J., dissents.