[Cite as *State v. Thomas*, 2012-Ohio-2626.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97185

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## THOMAS L. THOMAS

DEFENDANT-APPELLANT

### JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-523899

**BEFORE:** Stewart, P.J., Rocco, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 14, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Katherine Mullin
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} In *State v. Thomas*, 8th Dist. No. 94492, 2011-Ohio-705, we vacated defendant-appellant Thomas Thomas's convictions on six of thirteen convictions for want of sufficient evidence. The court issued a new sentencing entry "in accordance with the mandate set forth in *State v. Thomas*" and reimposed the same prison terms on the remaining counts. Thomas argues in this appeal that the court violated his constitutional rights by failing to conduct a new sentencing hearing at which he could have argued that he was entitled to a shorter sentence because there were fewer extant counts than there were at the first sentencing.

{¶2} We agree with the state that Thomas's requested relief is foreclosed because a sentencing court has no authority to modify a final sentence. *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 11. This court's vacation of some of Thomas's offenses did not affect the validity of either the conviction or sentence ordered on those offenses that remained undisturbed in the first appeal. Thomas makes no argument that the remaining sentences were contrary to law, so the court had no authority to modify that which was final and that remained so even after the partial vacation of some of his convictions.

{¶3} Thomas provides no authority for his argument that a reversal of one conviction requires per se that a defendant be resentenced on the remaining conviction or

convictions. In any event, to prevail with his argument that vacating one or more, but not all convictions, requires a resentencing for the court to redetermine the sentence on remaining counts, Thomas must necessarily presume that the court imposed sentence according to an illegal sentencing package. But Ohio does not permit sentencing according to a sentencing package in which the court fashions a single, comprehensive sentence based on multiple offenses. Instead, Ohio law recognizes that "[a] sentence is the sanction or combination of sanctions imposed for each separate, individual offense." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus.

{¶4} Thomas argues that *Saxon* is distinguishable because it did not involve a situation where a defendant had been convicted of multiple counts and had one or more of those counts vacated on appeal, but instead involved a case where the defendant had been convicted of multiple counts and had the *sentence* for one of those convictions vacated on appeal. This is a distinction without meaning. Regardless of whether *Saxon* involved a vacated sentence and this case involved a vacated count, the result remains the same because *Saxon* made it clear that a sentence is based on a separate, individual offense. It does not matter that this court vacated a sentence as opposed to a count — the end result is the same. We decline to hold that whenever one or more counts of multiple, jointly-tried offenses are reversed, every other remaining count of those jointly-tried offenses must also be reversed for resentencing.

{¶5} Both parties reference *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, in support of their respective positions. *Wilson* involved a remand for resentencing on allied offenses in which the Supreme Court held: (1) "When a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue" and (2) "[a] defendant is not barred by res judicata from raising objections to issues that arise in a resentencing hearing, even if similar issues arose and were not objected to at the original sentencing hearing." *Id.* at paragraphs one and two of the syllabus.

{¶6} An indictment may contain counts for conduct that could be construed to constitute allied offenses of similar import, but the defendant may be convicted of only one. R.C. 2941.25(A). When a defendant is sentenced on one or more allied offenses of similar import, the protections of the Double Jeopardy Clause of the United States Constitution are invoked because the defendant is receiving multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). For this reason, allied offenses errors require a remand at which the state is entitled to elect which offense it will pursue against the defendant. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph two of the syllabus.

{¶7} Unlike an error involving allied offenses that requires a remand for a de novo resentencing, this case required no new sentencing hearing. The remand in Thomas's first appeal was for the sole purpose of having the court vacate counts from the judgment

of conviction. Each of those counts and sentences existed independently. Vacating individual counts necessarily vacated the sentences for those counts, but had no impact on the sentences for counts that remained. Thomas was not sentenced twice for the same conduct, so *Wilson* has no applicability.

{¶8} Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR