[Cite as *Rocky River v. Garnek*, 2012-Ohio-3079.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97540**

## CITY OF ROCKY RIVER

PLAINTIFF-APPELLEE

vs.

## DAVID GARNEK, D.B.A., DSD ENTERPRISES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Rocky River Municipal Court
Case No. 10 CRB 1016

**BEFORE:** Cooney, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 5, 2012

**ATTORNEYS FOR APPELLANT**

Jaye M. Shlachet
Ralph T. DeFranco
Eric M. Levy
55 Public Square
Suite 1600
Cleveland, OH 44113


**ATTORNEY FOR APPELLEE**

Bryan P. O'Malley
Valore & Co., LPA
21055 Lorain Road
Fairview Park, OH 44126

COLLEEN CONWAY COONEY, J.:

**{¶1}** Defendant-appellant, David Garnek, d.b.a. DSD Enterprises ("Garnek"), appeals his misdemeanor conviction and sentence for failure to obtain a permit. Finding no merit to his appeal, we affirm.

**{¶2}** Garnek, a contractor whose construction and remodeling company is named DSD Enterprises, was hired by Patricia Weeton in September 2009 to make repairs to her Rocky River condominium. No city building permit was obtained for the project. In March 2010, Weeton and Garnek disagreed on the project and work ceased, without being completed. In June 2010, Garnek was charged with two counts of failure to obtain a permit for the Weeton repairs, a violation of Rocky River Code Section 1181.04.

**{¶3}** Garnek eventually pled no contest in February 2011 to one count of failure to obtain a permit, and the second count was dismissed. The court informed him he faced a maximum penalty of $47,500. Garnek stipulated to a finding of guilt and waived the presentation of facts. In June 2011, after being given more than 90 days to complete the repairs, Garnek was sentenced to a fine of $4,750 and restitution in the amount of $9,000, payable to Weeton's estate. Instead of filing a notice of appeal, Garnek filed a motion to vacate his conviction in July 2011 and a separate motion to stay, reconsider, and modify his sentence. He claimed he had only pled to a minor misdemeanor and, thus, the fine was excessive and no restitution could be ordered. Both

motions were denied in October 2011. He now appeals the denial of these motions, raising three assignments of error.

**{¶4}** In his first assignment of error, Garnek argues that the trial court erred when it failed to properly advise him of the consequences of his plea pursuant to Crim.R. 11 and sentenced him to pay a fine in excess of the statutory maximum for a minor misdemeanor. In his second assignment of error, Garnek argues that the trial court erred when it improperly ordered him to pay restitution. In his third assignment of error, he argues that his conviction must be reversed as his trial counsel was ineffective.

**{¶5}** Garnek is attempting to utilize the instant appeal to improperly seek review of alleged errors that he failed to timely appeal. Despite the parties' agreement that the trial court's judgment of conviction would not constitute a final appealable order until the trial court ruled on Garnek's motions to vacate and to stay, reconsider, and modify, the parties lack the ability to alter the jurisdiction of this court. Any argument regarding his plea, the court's final judgment, Garnek's sentence, or the effectiveness of his trial counsel is untimely.

> "This type of 'bootstrapping' *to wit*., the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. See, Appellate Rules 3(D), 4(A), 5 and 16(A)(3)."

*Winters v. Doe*, 8th Dist. No. 74384, 1998 WL 598786 (Sept. 10, 1998), quoting *State v. Church*, 8th Dist. No. 68590, 1995 WL 643794 (Nov. 2, 1995).

**{¶6}** Furthermore, Garnek's motion to stay, reconsider, and modify his sentence was improper because the trial court lacked the requisite authority to modify Garnek's sentence. A criminal sentence is final upon issuance of a final order. *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶11, citing *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267 (1997); *see also State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, as modified by *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at syllabus (a judgment of conviction is final when the order sets forth (1) the fact of the conviction; "(2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court"). "Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment." *Carlisle* at ¶ 1. The trial court had no statutory authority in the instant case to review Garnek's motion to stay, reconsider, and modify his sentence.

**{¶7}** Furthermore, Garnek's motion to vacate is a nullity. "Under Ohio law, once a trial court has entered a final judgment in a matter * * * a party's options for legal recourse become significantly limited." *Avon Lake Sheet Metal Co. v. Huntington Environmental Sys.*, 9th Dist. No. 03CA008393, 2004-Ohio-5957. "A motion seeking relief from the judgment of the trial court, that is premised on law and facts that were available to the trial court at the time it made its decision, is the functional equivalent of a motion to reconsider a final, appealable judgment." *Id.*, citing *Teamsters Local Union No. 507 v. Nasco Indus., Inc.*, 9th Dist. No. 3064-M., 2000 WL 1729481 (Nov. 22, 2000).

**{¶8}** "Courts in Ohio not only have no authority to reconsider a valid final judgment in criminal cases * * * they are also precluded from reentering judgment in order to circumvent the App.R. 4(A) limitation period." *State v. Myers*, 8th Dist. No. 65309, 1993 WL 483554 (Nov. 18, 1993); *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992); *State v. Mayo*, 8th Dist. No. 80216, 2002 WL 853547 (Apr. 24, 2002). Therefore, the motion to vacate was a nullity, and the court properly denied it.

**{¶9}** Accordingly, the trial court's judgment denying Garnek's motions is affirmed, albeit on different grounds from those relied on by the trial court.

**{¶10}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR