[Cite as *State v. Pierce*, 2012-Ohio-4716.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97728**

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# ROSUE PIERCE

DEFENDANT-APPELLEE

# JUDGMENT:
# AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-505095

**BEFORE:** Kilbane, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 11, 2012

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy Young
State of Ohio Public Defender
Katherine A. Szudy
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215

MARY EILEEN KILBANE, J.:

{¶1} In this appeal, the state of Ohio ("State") contends that the trial court erred in conducting a de novo sentencing for defendant Rosue Pierce and imposing community control sanctions. The State maintains that the defendant is bound to the sentence announced on February 11, 2009, and that he should be imprisoned for violating community control sanctions. For the reasons set forth below, we conclude that the sentence announced on February 11, 2009, was interlocutory. Therefore, we affirm the trial court's sentence imposed at the de novo sentencing hearing on November 17, 2011.

{¶2} On December 27, 2007, the defendant was indicted for felonious assault with a firearm specification, improperly discharging a firearm at or into a habitation, and having a weapon while under disability. He subsequently pled guilty to the lesser charge of attempted felonious assault, without a firearm specification, and having a weapon while under disability.

{¶3} On August 21, 2008, the trial court sentenced him to two years of community control sanctions and ordered that he could be sentenced to a six-month term of imprisonment for violations of community control.

{¶4} The State subsequently charged defendant with violating community control sanctions. Following a hearing on November 12, 2008, the trial court found him in

violation, but continued the community control sanctions with a warning to defendant that if he violated again, he may be sentenced to ten years of incarceration.

{¶5} On November 20, 2008, a capias was issued for defendant and he was charged with a second round of community control violations. At a hearing on February 11, 2009, defendant admitted to testing positive for marijuana and that he was a probation violator. The court terminated the community control sanctions and sentenced defendant to a total of seven years of imprisonment.

{¶6} Defendant appealed to this court on March 5, 2009. On July 20, 2010, the matter was remanded for correction of the journal entry, in order to meet the requirements set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.

{¶7} On August 5, 2010, acting pursuant to this court's limited *Baker* remand, the trial court issued a corrected journal entry. On August 9, 2010, defendant filed a motion in the trial court requesting a de novo sentencing hearing.

{¶8} On September 20, 2010, defendant moved to dismiss the March 5, 2009 appeal for lack of a final appealable order. Defendant argued that the original sentence imposed on August 21, 2008, contained an improper "package" sentence of two years of community control sanctions that did not separately set forth the individual sentences for felonious assault and having a weapon while under disability. *Id*.

{¶9} This court dismissed defendant's appeal on November 10, 2010, for lack of a final appealable order. *State v. Pierce,* 8th Dist. No. 92922, 2010-Ohio-5467 ("*Pierce I*"). Thereafter, on November 17, 2011, the trial court held a de novo sentencing hearing.

The court noted that defendant had served 40 months of imprisonment on the offenses, and that terminating his imprisonment would not demean the seriousness of the offenses or present a danger to the public. The court ordered defendant to serve two years of community control sanctions for attempted felonious assault, with an 18-month term in the event of violations of community control, and two years of community control sanctions for having a weapon under disability, with a three-year term in the event of violations. The State now appeals, assigning the following error for our review:

> The trial court's modification of defendant's sentence was contrary to law because the prison sentence was a final judgment.

{¶10} In this assignment of error, the State argues that the trial court erred in conducting a de novo sentencing hearing.

{¶11} The State insists that the sentence announced on February 11, 2009, is a final order, under which defendant must serve seven years of imprisonment. According to the State, any defect in connection with the trial court's journal entries was corrected in the August 5, 2010 orders on remand. The State also notes that in *State v. Dumas*, 8th Dist. No. 95760, 2011-Ohio-2926, this court distinguished *Pierce I*. The State additionally notes that in *State v. South*, 120 Ohio St.3d 358, 2008-Ohio-6693, 899 N.E.2d 146, the Ohio Supreme Court held that the lower court was not divested of jurisdiction from considering an appeal where the journal entry set forth a "lump sum of three years of community control" and a term of 84 months for violations thereof, on convictions for seven offenses, once the court revoked that community control and imposed the 84-month term.

**{¶12}** We note that a criminal sentence is final upon issuance of a final order. *Rocky River v. Garnek*, 8th Dist. No. 97540, 2012-Ohio-3079, ¶ 6. At that point, a party's options for legal recourse become significantly limited because the court has no authority to reconsider and modify a final sentence. *Id*. at ¶ 7.

**{¶13}** In this matter, however, the November 10, 2010 decision set forth in *Pierce I*, dismissed the case and concluded that there was no final appealable order. That decision remains the law of the case and is not subject to further review. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381. As such, the State may not challenge the correctness of *Pierce I* in this appeal. Moreover, the August 5, 2010 entries were issued in connection with our remand for compliance with *Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. and did not correct the finality issue later identified in the November 10, 2010 *Pierce I* decision.

**{¶14}** Furthermore, a judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. *State v. Phillips*, 8th Dist. No. 90124, 2008-Ohio-5101, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 5. As noted in *Pierce I*, "the trial court failed to impose community control sanctions on each count of defendant's multi-count indictment." Following the determination that there was no final appealable order, it necessarily follows that the sentencing entry containing the "packaged" sentence was "non-final in regard to all of the charges[.]" *State v. Goodwin*, 9th Dist. No. 23337, 2007-Ohio-2343 (setting forth a comprehensive analysis of finality issue); *Phillips*; *State v. Allman*, 2d Dist. No. 24693,

2012-Ohio-413, ¶ 9; *State v. Hayes*, 9th Dist. No. 99CA007416, 2000 Ohio App. LEXIS 2198 (May 24, 2000).

{¶15} In light of all of the foregoing, and in light of *Pierce I,* the sentence announced on February 11, 2009, that "failed to impose community control sanctions on each count of defendant's multi-count indictment" and contained a "packaged sentence" was not a final order. Therefore, it was proper for the November 17, 2011 de novo sentence to be issued, and there was no improper reconsideration of a final sentence on that date. *State v. Ford*, 9th Dist. No. 23269, 2006-Ohio-6961, ¶ 6.

{¶16} Judgment affirmed.


It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR