[Cite as *State v. Franklin*, 2012-Ohio-6223.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                          :

      Plaintiff-Appellee                          :            C.A. CASE NO.    25125

v.                                                             :            T.C. NO.    09CR1117

ANTHONY J. FRANKLIN                           :               (Criminal appeal from
                                                                              Common Pleas Court)

      Defendant-Appellant                        :

                                                                  :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ___31st___ day of ___December___, 2012.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

DANIEL J. O'BRIEN, Atty. Reg. No. 0031461, 1210 Talbott Tower, 131 N. Ludlow Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

      **{¶ 1}** Anthony James Franklin appeals from a judgment of the Montgomery

County Court of Common Pleas, which amended its termination entry to exclude a conviction and sentence for engaging in a pattern of corrupt activity, in accordance with our conclusion in his prior appeal that the jury had not been properly instructed on that charge, but which did not modify the other sentences imposed in the case. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2}    In Case No. 2009 CR 01117/1, Franklin was convicted, following a jury trial, of one count of possession of heroin in an amount greater than ten grams but less than 50 grams, five counts of possession of criminal tools, and one count of engaging in a pattern of corrupt activity. He was sentenced to eight years for possession of heroin, to eight years for engaging in a pattern of corrupt activity, and to twelve months on each count of possession of criminal tools. The trial court ordered that all of the sentences in this case be served concurrently, for an aggregate term of eight years, and that they also be served concurrently with the sentence imposed for possession of heroin in another case.

{¶ 3}    Franklin appealed from his conviction. In response to one of his arguments on appeal, we concluded that the jury had not been properly instructed on all of the elements of engaging in a pattern of corrupt activity; we overruled all of his other assignments of error. In our conclusion, we stated: "Franklin's conviction for Engaging in a Pattern of Corrupt Activity is Reversed, the judgment of the trial court is Affirmed in all other respects, and this cause is Remanded for further proceedings consistent with this opinion." *State v. Franklin*, 2d Dist. Montgomery No. 24012, 2011-Ohio-6802, ¶ 157.

{¶ 4}    Franklin filed an Application for Reconsideration in this court, in which he argued that we were required to vacate his entire sentence and remand the matter to the trial

court for disposition of the entire case or, in the alternative, that our reversal of the judgment effectively did reverse the entire sentence imposed by the court. We rejected this argument: "Franklin was sentenced on separate counts, with all sentences to run concurrently. Although the conviction for Engaging in a Pattern of Corrupt Activity was reversed, making the eight-year term for that sentence no longer effective, Franklin's remaining convictions were affirmed. * * * There is no reason to vacate the entire sentence, and Franklin has not furnished us with any legal authority indicating that we should do so." *State v. Franklin*, 2d Dist. Montgomery No. 24012, Decision & Entry (Feb. 28, 2012). Thus, Franklin's application for reconsideration was denied.

{¶ 5} On remand, Franklin filed a Motion to Modify Sentences, arguing, as he had in his application for reconsideration, that this court (the court of appeals) had been required to vacate and effectively had vacated Franklin's "entire sentence"; he asked that he be resentenced on all counts. The trial court overruled the motion. The trial court filed an amended termination entry which confirmed the prior sentences of eight years for possession of heroin and twelve months on each of the five counts of possession of criminal tools, all to be served concurrently, for an aggregate term of eight years. The count of engaging in a pattern of corrupt activity was dismissed without prejudice.

{¶ 6} Franklin appeals from the amended judgment, raising three assignments of error, which he argues together. Franklin contends that the trial court erred in failing to modify all of Franklin's sentences, because there was "some correlation" between the possession charge and the charge of engaging in a pattern of corrupt activity, and because the case "must have [been] sent * * * back for some reason." Notwithstanding the language

contained in our decision on his application for reconsideration, Franklin surmises that the "reason" was for a review of all of Franklin's sentences. Franklin also asserts that the charge of engaging in a pattern of corrupt activity "totally incorporated" the possession charge as its sole predicate act, that there is no longer a charge "for the possession of heroin sentence to run concurrent with," and that it is "legal hogwash" for the State to argue or for this court to conclude that the remaining sentences were unaffected by our decision to reverse one conviction.

{¶ 7} More specific to the facts of this case, Franklin argues that, as a first-time offender, it is unlikely that he would have received the maximum sentence for possession but for the count of engaging in a pattern of corrupt activity, and that he did not contest the court's eight-year sentence for possession in his earlier appeal "because it was * * * a rational sentence assuming [he] had been convicted of the companion major F1 charge, which incorporated this exact count as one of its predicate acts." He asserts that our decision to reverse the conviction for engaging in a pattern of corrupt activity "change[d] the entire dynamics of the sentence," making it irrational and defying "basic logic and common sense."

{¶ 8} Ohio law does not permit sentencing according to a "sentencing package," in which the court fashions a single, comprehensive sentence based on multiple offenses; instead, it recognizes that "[a] sentence is the sanction or combination of sanctions imposed for each separate, individual offense." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus; *State v. Thomas*, 8th Dist. Cuyahoga No. 97185, 2012-Ohio-2626, ¶ 3; *State v. Wright*, 2d Dist. Montgomery No.

24276, 2011-Ohio-4874, ¶ 86. In this respect, Ohio has rejected the federal model, which allows the modification or vacation of all sentences imposed for multiple offenses, even when there is an appeal from and reversal of only one of the sentences imposed. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 16. Ohio's felony-sentencing scheme focuses on each offense and sentence individually, and not as a group. *Saxon* at ¶ 8-9.

{¶ 9} Franklin essentially argues that we should treat his multiple convictions and sentences as a "package," rather than as separate and independent. The legislature and the supreme court have spoken on this issue and have rejected this view. As the supreme court stated in *Saxon*:

> [R.C. 2929.14] makes no provision for grouping offenses together and imposing a single, "lump" sentence for multiple felonies. Although imposition of concurrent sentences in Ohio may appear to involve a "lump" sentence approach, the opposite is actually true. Instead of considering multiple offenses as a whole and imposing one, overarching sentence to encompass the entirety of the offenses as in the federal sentencing regime, a judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively. Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose

only an omnibus sentence for the group of offenses.

(Internal citations omitted.) *Id.* at ¶ 8-9. We have neither the authority nor the inclination to take a different approach to sentencing in Ohio.

{¶ 10} As we stated in our Decision & Entry denying Franklin's application for reconsideration, he "was sentenced on separate counts, with all sentences to run concurrently. Although the conviction for Engaging in a Pattern of Corrupt Activity was reversed, making the eight-year term for that sentence no longer effective, Franklin's remaining convictions were affirmed. Thus, Franklin still must serve * * * eight years on [the charge of possession]," to be served concurrently with his other sentences. "There is no reason to vacate the entire sentence, and Franklin has not furnished us with any legal authority indicating that we should do so." The trial court acted properly in abiding by our mandate to conduct further proceedings only with respect to his conviction for engaging in a pattern of corrupt activity.

{¶ 11} Finally, Franklin suggests that, because he was a first-time offender, he would not have received the maximum sentence of eight years for possession of heroin if he had not also been convicted of engaging in a pattern of corrupt activity, and that, "due to a dramatic change in circumstances," the sentences on the other offenses are no longer appropriate.

{¶ 12} Franklin's assertion that he would have been sentenced differently on the other offenses if he had not also been convicted of engaging in a pattern of corrupt activity is speculative; the record contains no support for this conclusion. Furthermore, if Franklin believed that any of the sentences were too harsh due to his alleged status as a first-offender,

he should and could have raised that argument in his direct appeal.  He did not.  He may not raise it – and we will not address it – for the first time in response to the trial court's judgment implementing our order on remand.

{¶ 13}    The assignments of error are overruled.

{¶ 14}    The judgment of the trial court will be affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Kirsten A. Brandt
Daniel J. O'Brien
Hon. Steven K. Dankof