**[Cite as *State v. Petitto*, 2013-Ohio-5435.]**

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99893**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTHONY R. PETITTO

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-530113

**BEFORE:** Blackmon, J., Stewart, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 12, 2013

**FOR APPELLANT**

Anthony R. Petitto, Pro Se
Inmate #583-251
Grafton Correctional Institution
2500 South Avon Belden Road
Grafton, Ohio   44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Kristen L. Sobieski
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1}   In this accelerated appeal, appellant Anthony R. Petitto appeals, pro se, the trial court's denial of his motion to modify his sentences and assigns the following sole error for our review:

> I. Defendant was denied due process of law when the court arbitrarily imposed consecutive sentences without any findings, pursuant to R.C. § 2929.41 and denied Defendant's motion to have the multiple felony convictions to be served concurrently.

{¶2}   Having reviewed the record and pertinent law, we affirm the trial court's decision.   The apposite facts follow.

{¶3}   On November 3, 2009, the Cuyahoga County Grand Jury returned a 48-count indictment against Petitto.   The indictment included counts of rape and kidnapping involving two victims under the age of 13.   On March 3, 2010, pursuant to a plea agreement between the State and Petitto, the State moved to amend Count 5 (rape) and Count 30 (rape) to gross sexual imposition pursuant to R.C. 2907.05(A)(4).   On that same date, Petitto pleaded guilty to the two amended counts and the State nolled the remaining counts.

{¶4}   On April 7, 2010, the trial court sentenced Petitto to four years on each count to run consecutive to one another for a total of eight years.   The trial court advised Petitto of a mandatory five-year postrelease control term and classified him a Tier III sex offender.

{¶5}   Thereafter, Petitto appealed and argued that the trial court failed to inform him of the effect of his guilty plea, failed to inform him of the consequences of pleading guilty to a new felony while on postrelease control, failed to determine whether he

understood the nature of the charges against him, failed to properly assess costs, and failed to consider statutory criteria in imposing more than a minimum sentence. In addition, Petitto argued that the trial court failed to make statutory findings pursuant to R.C. 2929.14(E) and that his attorney provided ineffective assistance of counsel at his sentencing hearing.

{¶6} In *State v. Petitto*, 8th Dist. Cuyahoga No. 95276, 2011-Ohio-2391, we vacated Petitto's plea and remanded the matter for a new sentencing hearing. On November 16, 2011, following our remand, the trial court resentenced Petitto to consecutive four-year prison terms and advised him of a three-year period of postrelease control.

{¶7} On September 12, 2012, Petitto petitioned the court to modify his sentences to have them served concurrently. On April 23, 2013, the trial court denied the motion. Petitto now appeals.

## Modification of Sentence

{¶8} In the sole assigned error, Petitto argues the trial court erred when it denied his motion to modify his consecutive sentences to concurrent sentences.

{¶9} A sentencing court has no authority to modify a final sentence. *State v. Thomas*, 8th Dist. Cuyahoga No. 97185, 2012-Ohio-2626, citing *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 11. A criminal sentence is final upon issuance of a final order. *Rocky River v. Garnek*, 8th Dist. Cuyahoga No. 97540, 2012-Ohio-3079. A judgment of conviction is final when the order sets forth (1) the fact of the conviction; (2) the sentence; (3) the signature of the judge; and (4) entry on the

journal by the clerk of court. *Id.*, citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142.

{¶10} In the instant case, Petitto's sentence became final on November 16, 2011, when the trial court resentenced him pursuant to our remand. Absent statutory authority, a trial court is generally not empowered to modify a criminal sentence by reconsidering its own final judgment. *Carlisle* at ¶ 1. As such, Petitto's requested relief is foreclosed.

{¶11} Nonetheless, within this assigned error, Petitto claims the trial court imposed consecutive sentences without making the appropriate findings. However, the instant claim is barred by the doctrine of res judicata.

{¶12} It is well settled that under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶13} In the instant case, the record reveals that Petitto failed to file an appeal after the trial court resentenced him in November 2011, pursuant to our remand. Thus, Petitto's present claim that the trial court imposed consecutive sentences without making the appropriate findings, could have and should have been raised in a timely filed appeal

from the November 2011 judgment. Consequently, this claim is now barred by the doctrine of res judicata.   Accordingly, we overrule the sole assigned error.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MELODY J. STEWART, A.J., and
TIM McCORMACK, J., CONCUR