[Cite as *State v. Smith*, 2016-Ohio-5910.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 16CA8 |
| v. | : | |
| | | DECISION AND |
| HARRY R. SMITH, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 09/14/2016 |

APPEARANCES:

Harry R. Smith, Chillicothe, Ohio, *pro se* appellant.

Anneka P. Collins, Highland County Prosecuting Attorney, Hillsboro, Ohio, for appellee.

Hoover, J.

{¶1}    Harry R. Smith appeals from the Highland County Court of Common Pleas' denial of his motion to vacate void sentence and sentencing entry. On appeal, Smith contends that the trial court's sentencing entry is void, and that he is entitled to be resentenced in accordance with H.B. 86. We disagree. Accordingly, the judgment of the trial court is affirmed.

**I. Facts and Procedural History**

{¶2}    On August 11, 2009, a jury found Smith guilty of Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, a third degree felony, Possession of Methamphetamine, a fifth degree felony, Aggravated Trafficking in Drugs, a third degree felony, and Tampering with Evidence, a third degree felony. Smith was sentenced to consecutive five-year terms of imprisonment on the third degree felony offenses and 12 months on the fifth degree felony for an aggregate prison sentence of 16 years.

{¶3}     Smith filed a direct appeal of his convictions and on September 20, 2010, this Court filed a decision and judgment entry affirming Smith's convictions of Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, Possession of Methamphetamine, and Tampering with Evidence. *State v. Smith*, 4th Dist. Highland No. 09CA29, 2010-Ohio-4507. However, we did vacate Smith's conviction on count three of the indictment, Aggravated Trafficking in Drugs, because the trial court had improperly permitted the State to amend the name of the offense on the indictment. *Id*. at ¶¶ 80-81. In our judgment entry, we affirmed the trial court's judgment in part, reversed in part, and remanded the case to the trial court.

{¶4}     The State sought leave to appeal our decision and judgment entry to the Ohio Supreme Court, but the motion was denied. *State v. Smith*, 127 Ohio St.3d 1532, 2011-Ohio-376, 940 N.E.2d 986. Thereafter, the State filed a motion to dismiss Count Three, Aggravated Trafficking in Drugs, which was granted by the trial court. On March 15, 2011, the trial court filed an "Entry Vacating Sentence As to Count Three Only" vacating Smith's "sentence of five years as to Count Three only", and ordering that the Clerk of Courts send a copy of the entry to the Bureau of Sentence Computation. It should be noted that the entry erroneously stated that Smith's total aggregate sentence on Counts One, Two, and Four was 11 years, six months. In reality, the sentence should have been just 11 years after the vacation of the five-year sentence on Count Three. In January 2015, the trial court was apparently made aware of its error, and filed a nunc pro tunc entry correcting the March 15, 2011 entry, and correctly stating that the actual sentence was 11 years.

{¶5}     On February 10, 2016, Smith filed a "Motion to Vacate Void Sentence and Sentence Entry". The trial court denied the motion on February 29, 2016, on the basis that it lacked merit. This appeal followed.

## II. Assignments of Error

{¶6}    Smith assigns the following errors for our review:

Assignment of Error I:

TRIAL COURT ABUSED ITS DISCRETION AND MADE CONTRARY TO LAW RULING WHEN IT FAILED TO RESENTENCE APPELLANT IN OPEN COURT WHEN THE 4TH COURT OF APPEALS VACATED COUNT 3 OF HIS CONVICTION AND ORDERED A "REMAND." THE TRIAL COURTS [sic] ACTIONS PREJUDICED THE APPELLANT AND VIOLATED HIS 5TH, 6TH & 14TH U.S. CONST. AMEND.S AND ARTICLE I, SECTION 10 OF THE OHIO CONST., THUS VIOLATING THE APPELLANT'S DUE PROCESS AND EQUAL PROTECTION TO THE LAW.

Assignment of Error II:

THE TRIAL COURT ABUSED ITS DISCRETION AND MADE CONTRARY TO LAW RULING WHEN IT FAILED TO BRING APPELLANT BACK TO OPEN COURT AND RESENTENCE HIM PURSUANT TO THE LAW AND A REMAND ORDER BY THE 4TH C.O.A. AND THEN ISSUING A SENTENCING ENTRY (NUNC PRO TUNC) AND SENTENCING APPELLANT TO SIX (6) MORE MONTHS THAN THE LAW ALLOWED, THUS VOIDING THE APPELLANT'S SENTENCE AND VIOLATING HIS 5TH, 6TH, AND 14TH U.S. CONST. AMEND.S AND ARTICLE I, SEC. 10 OF THE OHIO CONST. AND HIS DUE PROCESS AND EQUAL PROTECTION TO THE LAW AND PREJUDICING THE APPELLANT AND HIS CASE.

Assignment of Error III:

TRIAL COURT ABUSED ITS DISCRETION AND MADE CONTRARY TO LAW DECISION WHEN IT DENIED TO RESENTENCE THE APPELLANT PURSUANT TO H.B. 86. TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS AND EQUAL PROTECTION TO THE LAW, THUS VIOLATING HIS 5TH, 6TH & 14TH U.S. CONST. AMEND.S AND ARTICLE I, SEC. 10 OF THE OHIO CONST..

Assignment of Error IV:

THE TRIAL COURTS [sic] ENTRY DENYING THE APPELLANT'S MOTION TO VACATE VOID SENTENCE AND SENTENCING ENTRY IS AN ABUSE OF DISCRETION AND CONTRARY TO LAW AND MUST BE OVERRULED AND RELIEF GRANTED TO THE APPELLANT IN ALL MATTERS.

### III. Law and Analysis

{¶7}    Because Smith's assignments of error are interrelated, we elect to address them jointly. Smith contends that the trial court erred in denying his Motion to Vacate Void Sentence and Sentence Entry because the trial court failed to conduct a new sentencing hearing, i.e., the court failed to resentence him in open court upon the remand of his case following our vacation of his conviction for Aggravated Trafficking in Drugs. Specifically, Smith argues that our vacation of his conviction on Count Three "changed and modified" his original sentence and "voided" his original sentence; thus mandating that the trial court resentence him in open court. He further argues that the trial court "violated precedent laws" and made a "contrary to law decision" when it attempted to "re-sentence" him by entry, rather than returning him to court and resentencing him in person in accordance with Crim.R. 43(A). Finally, he claims that because he has never been "lawfully sentenced" since the remand by this Court, and because his sentence is void, he must be resentenced in accordance with H.B. 86, thus reducing the possible maximum term of his sentence.[1]

{¶8}    Smith's logic is flawed; and this appeal is without merit, for the simple fact that the vacation of his one offense "did not affect the validity of either the conviction or sentence ordered on those offenses that remained undisturbed in the first appeal." *State v. Thomas*, 8th Dist. Cuyahoga No. 97185, 2012-Ohio-2626, ¶ 2. In other words, Smith's remaining sentences on the undisturbed counts remained final even after the vacation of his Aggravated Drug

---

[1] Smith was convicted and sentenced in 2009, before the time at which the Ohio General Assembly reduced the maximum penalty for third-degree felonies from five years to three years. *See* Am.Sub.H.B. No. 86 (effective September 30, 2011); R.C. 2929.14(A)(3)(b). R.C. 1.58(B) provides: "If the * * * punishment for any offense is reduced by * * * the amendment of a statute, the * * * punishment, if not already imposed, shall be imposed according to the statute as amended." Thus, Smith would have us hold that the reversal of his Aggravated Trafficking in Drugs offense voided his entire sentence, even those parts that remained undisturbed by our first decision on appeal, requiring that he be resentenced for no more than three years on the remaining F3s under R.C. 2929.14(A)(3)(b).

Trafficking offense; and sentencing courts have no authority to modify a final sentence. *Id.*, citing *State v. Carlisle*, 131 Ohio St.3d 127, 2011-Ohio-6553, 961 N.E.2d 671, ¶ 11. We also note that the trial court's March 15, 2011 Entry Vacating Sentence As to Count Three Only, and subsequent nunc pro tunc entry[2], were not attempts to modify the sentences originally imposed by the trial court. Rather, the entries noted the vacation of the Aggravated Drug Trafficking offense in accordance with our remand, and did not change the sentence originally imposed by the trial court. "Neither due process nor Crim.R. 43 requires [Smith's] presence for such a ministerial and nonsubstantive undertaking." *State v. Marks*, 7th Dist. Monroe No. 868, 2002-Ohio-6267, ¶ 24.

{¶9}     Neither Smith nor this Court have been able to locate controlling authority supporting Smith's argument that vacating one or more, but not all convictions on appeal, requires a resentencing for the court to redetermine the sentence on the remaining counts. This is likely because Ohio law does not permit sentencing according to a "sentencing package" in which the court fashions a single, comprehensive sentence based on multiple offenses. *Thomas* at ¶ 3; *State v. Franklin*, 2d Dist. Montgomery No. 25125, 2012-Ohio-6223, ¶ 8. Rather, Ohio recognizes that "[a] sentence is the sanction or combination of sanctions imposed for each separate, individual offense." *Thomas* at ¶ 3; *Franklin* at ¶ 8, both quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus. "In this respect, Ohio has rejected the federal model, which allows the modification or vacation of all sentences imposed for multiple offenses, even when there is an appeal from and reversal of only one of the sentences imposed." *Franklin* at ¶ 8, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-

---

[2] Nunc pro tunc orders are used, inter alia, to correct clerical errors that are mechanical in nature and apparent on the record. *State v. Gavin*, 4th Dist. Scioto No. 14CA3672, 2015-Ohio-2549, ¶ 18; Crim.R. 36. Here, the trial court's mistake in its Entry Vacating Sentence As to Count Three Only was apparent on its face, and it was not error by the trial court to correct the mistake via the filing of the nunc pro tunc entry because the nunc pro tunc entry accurately reflects what the trial court actually decided at sentencing.

Ohio-2669, 951 N.E.2d 381, ¶ 16. "Ohio's felony-sentencing scheme focuses on each offense and sentence individually, and not as a group." *Id.*, citing *Saxon* at ¶¶ 8-9. Based on this rationale, at least two of our sister appellate courts have declined to hold that whenever one or more counts of multiple, jointly-tried offenses are reversed, every remaining count must also be reversed for resentencing. *Thomas* at ¶ 3; *Franklin* at ¶ 10.

{¶10}   Here, we remanded this case so that the trial court could vacate the Aggravated Drug Trafficking offense from the judgment of conviction. The trial court effectuated our demand by granting the State's motion to dismiss the count and by issuing the Entry Vacating Sentence As to Count Three Only and subsequent nunc pro tunc entry. Despite Smith's arguments to the contrary, a de novo resentencing was not required. The vacation of the Aggravated Drug Trafficking offense necessarily vacated the sentence for that count, but had no impact on the sentences for the counts that remained unaffected by the first appeal. Accordingly, the trial court's original sentence and sentencing entry remained final and was not rendered void.

## IV. Conclusion

{¶11}   Based on the foregoing, we overrule Smith's assignments of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
          Marie Hoover, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**