JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant Peter Ormond ("Ormond") appeals the trial court's decision granting the defendant-appellee City of Solon's ("the City") motion to dismiss. We dismiss Ormond's appeal as untimely.
 {¶ 2} Ormond filed the instant taxpayer action against the City, alleging that the City's granting a variance to defendant-appellee Greystone Group for the purpose of building a Walgreen's Drugstore was invalid, unconstitutional, unenforceable, and an abuse of administrative power. Ormond sought both declaratory and injunctive relief. On August 5, 2002, the City moved to dismiss Ormond's complaint on the basis that the trial court lacked subject matter jurisdiction to hear the appeal.
 {¶ 3} The trial court granted the City's motion to dismiss, its order was journalized on January 28, 2003, and notice was issued on the same day. Ormond filed his notice of appeal with this court on March 3, 2003, thirty-four days after the trial court's judgment.
 {¶ 4} Attached to his notice of appeal, Ormond filed a "memorandum in support of jurisdiction." Ormond argues that service of the notice of judgment and its entry was not made within three days as required by Civ.R. 58(B) and, therefore, his appeal should be allowed. In support of this argument, Ormond relies on his own affidavit stating that he did not receive any notice "until well into February 2003." Ormond also contends that because there was no postmark on the notice of judgment mailed by the clerk's office, this court should refuse to find that the notice of judgment was served within three days of the journal entry. We disagree.
 {¶ 5} App.R. 4(A) provides:
"A party shall file the notice of appeal required by App.R. 3 withinthirty days of the later of entry of the judgment or order appealed or,in a civil case, service of the notice of judgment and its entry ifservice is not made on the party within the three day period in Rule58(B) of the Ohio Rules of Civil Procedure."
 {¶ 6} Further, Civ.R. 58(B) requires notice of judgments to be provided as follows:
"When the court signs a judgment, the court shall endorse thereona direction to the clerk to serve upon all parties not in default forfailure to appear notice of the judgment and its date of entry upon thejournal. Within three days of entering the judgment upon the journal,the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B)and note the service in the appearance docket. Upon serving the noticeand notation of the service in the appearance docket, the service iscomplete. The failure of the clerk to serve notice does not affect thevalidity of the judgment or the running of the time for appeal exceptas provided in App.R. 4(A).
 {¶ 7} Once the clerk has served the parties notice of the entry and made the appropriate notation in the appearance docket, notice is deemed served, and the time for filing the notice of appeal begins to run. Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80. In cases where the civil rules on service are followed, there is a rebuttable presumption of proper service. Wainey v. Hollymatic Corp. (April 27, 1995), Cuyahoga App. No. 66998, citing, Grant v. Ivy (1980),69 Ohio App.2d 40. A party's failure to receive such notice after it has been served is neither a basis to challenge the validity of the judgment nor a defense for failure to file a timely appeal. DeFini v. City ofBroadview Heights (1991), 76 Ohio App.3d 209, 213.
 {¶ 8} Although the docket notation is not conclusive evidence that service was made, a reviewing court shall presume regularity absent any evidence to the contrary. Winters v. John Doe (Sept. 10, 1998), Cuyahoga App. No. 74384, citing, DeFini, supra.
 {¶ 9} Here, the docket reflects that the clerk served notice of the trial court's final judgment on January 28, 2003, the same day it was journalized. Ormond offers no evidence to contradict this other than his own self-serving affidavit wherein he fails to even identify the specific date he received notice. Moreover, the gist of Ormond's affidavit is simply that because he did not receive notice of the final order until "well into February 2003," the clerk of courts must not have served notice within three days of the final judgment. Ormond essentially asks this court to presume irregularity because he purportedly did not receive notice of the January 28 order until "well into February 2003" and because the postcard contained no postmark.
 {¶ 10} As stated above, Ormond's failure to receive notice after it has been served does not provide a defense for his failure to file a timely appeal. DeFini, supra, at 213. Likewise, a reviewing court presumes regularity in favor of the clerk's office when the docket reflects that notice of the journalized final judgment entry has been issued. Winters, supra. Moreover, we also find that at a very minimum, Ormond should have taken the necessary steps to preserve his appeal time when he received the postcard, even if it was "well into February," given that the postcard clearly reflected that notice was issued by the clerk on January 28.
 {¶ 11} Additionally, Ormond fails to offer any support for his argument that the absence of a postmark on the postcard extends the thirty-day period for appeal. Ormond's reliance on Witherspoon v.Administrator, Ohio Bureau of Employment Services (1985),24 Ohio App.3d 128, is misplaced. The facts of Witherspoon are distinguishable from the instant case.
 {¶ 12} Witherspoon involved an appeal of a decision from the Unemployment Compensation Review Commission and did not involve App.R. 4(A), but rather, R.C. 4141.28(H) and O.A.C. 4146-13-01. The Review Commission refused to consider the claimant's appeal on the merits because it did not receive the notice of appeal until after the applicable fourteen-day period. The trial court, however, reversed the decision of the Review Commission and remanded the case for a hearing on the merits because the claimant's notice of appeal had not been postmarked and, therefore, it was impossible to discern whether the claimant actually filed a timely notice of appeal. Unlike Witherspoon, it is undisputed that Ormond's appeal was untimely filed.
 {¶ 13} This court lacks jurisdiction over any appeal that is not timely filed. Winters, supra, citing DiPrima v. A.W. Tavern, Inc.
(1994), 96 Ohio App.3d 470, 473. See, also, Ross v. Harden (1982),8 Ohio App.3d 34 ("the filing requirements regarding the notice of appeal are mandatory and jurisdictional"); Allman v. Allman, Licking App. No. 01-CA-00053, 2001-Ohio-1563 ("[a] failure to file a timely notice of appeal in a civil case is fatal"). Because Ormond filed his appeal more than thirty days from the January 28 final order, we sua sponte dismiss this appeal for lack of jurisdiction.
 {¶ 14} This cause is dismissed.
James J. Sweeney, P.J. and Anthony O. Calabrese, Jr., J. Concur