JOURNAL ENTRY and OPINION
{¶ 1} Relator-appellant Jordan S. DelMonte ("appellant") appeals from the judgment of the trial court which granted a motion to dismiss in favor of defendant-appellee Village of Woodmere, et al. ("Woodmere"). For the reasons set forth below, we affirm in part, reverse in part and remand for proceedings consistent with this opinion.
 {¶ 2} On April 28, 2003, appellant filed a complaint in mandamus against Woodmere seeking to compel Woodmere to allow him access to an inspection of certain public records maintained by Woodmere. Appellant alleged that Woodmere improperly refused to produce the requested documents for inspection and that Woodmere's conduct in so refusing violated R.C. 149.43. Appellant also alleged that Woodmere removed and destroyed certain public records and that his continued demands to access public documents were met with threats and intimidation by Woodmere. On May 27, 2003, Woodmere filed its answer and affirmative defenses and a motion to dismiss the complaint. Both parties submitted various motions prior to the trial court's opinion and order granting Woodmere's motion. The trial court issued a memorandum of opinion and order on July 2, 2003. That same day, pursuant to Civ.R. 60, appellant filed a motion to vacate the dismissal of plaintiff's first and fourth claims, which Woodmere opposed on July 9, 2003. On July 25, 2003, the trial court issued a nunc pro tunc order granting Woodmere's motion to dismiss. Appellant filed a notice of appeal on August 8, 2003, thirty six days after the trial court's original order granting Woodmere's motion to dismiss, asserting a sole assignment of error.
 {¶ 3} We note initially that, despite appellant's filing a notice of appeal more than thirty days after the date appearing on the trial court's original memorandum and order, we consider it timely. A notation of service from the July 2, 2003 order was not noted in the appearance docket as required by App.R. 4(A) and Civ.R. 58(B).[1] Once the clerk has served the parties notice of the entry and made the appropriate notation in theappearance docket, notice is deemed served, and the time for filing the notice of appeal begins to run. Atkinson v. GrummanOhio Corp. (1988), 37 Ohio St.3d 80. See, also, DeFini v.Broadview Hts. (1991), 76 Ohio App.3d 209 (holding that service is not perfected in the absence of the requisite notation on the appearance docket).
 {¶ 4} Lest there be confusion, we note that the clerk's pagination sheet that accompanies the record on appeal lists the July 2, 2003 order. However, a judgment is effective only when entered by the clerk upon the journal. Civ.R. 58(A). Atkinson,
supra. Furthermore, it is axiomatic that the court speaks only through its journal. Fogle v. Steiner (1995),74 Ohio St.3d 158. The pagination sheet was prepared by the clerk's office only as a result of the instant appeal, pursuant to App.R. 10(B), was not in existence prior to the institution of the appeal, and cannot be considered to be the court's journal. The pagination sheet merely summarizes the papers included in the record for appeal. While the trial court's July 2, 2003 paper copy of its memorandum and opinion was made a part of the file, the clerk of courts never entered the judgment into the court's computer journal and thus failed to make the judgment a part of the court's docket as contemplated by Civ.R. 58 and DeFini, supra.
 {¶ 5} Therefore, service of the order granting Woodmere's motion to dismiss was not complete until the trial court's nunc pro tunc entry on July 25, 2003, when the trial court's memorandum and order was properly journalized and noted in the appearance docket. In his assignment of error, appellant contends that the trial court erred in dismissing the first and fourth claims in his complaint for failure to state a claim for which relief may be granted.
 {¶ 6} This court independently reviews a complaint under Civ.R. 12(B)(1) or (6) to determine whether dismissal by the trial court was properly granted. Girts v. Raaf (May 4, 1995), Cuyahoga App. No. 67774, citing State ex rel. Drake v. AthensCty. Bd. Of Elections (1988), 39 Ohio St.3d 40. Therefore, a reviewing court need not defer to a trial court's ruling. The standard of review for a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(1) and (6) is as follows:
 {¶ 7} "It must appear beyond doubt that [plaintiff] could prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in his favor." State ex rel. FindlayPublishing Co. v. Schroeder (1996), 76 Ohio St.3d 580,1996-Ohio-361. State ex rel. Kaylor v. Bruening (1997),80 Ohio St.3d 142, 144, 1997-Ohio-350.
 {¶ 8} Claim Four, R.C. 149.43
 {¶ 9} R.C. 149.43 (B)(1) provides, in relevant part:
 {¶ 10} "* * * All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Subject to division (4) of this section, upon request, a public office or person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, public offices shall maintain public records in a manner that they can be made available for inspection in accordance with this division."
 {¶ 11} In this case, the trial court found that, because appellant was requesting certain records for the first time in his complaint and Woodmere had already provided appellant with certain other records, he failed to state a claim upon which relief may be granted, pursuant to State ex rel. TaxpayersCoalition v. Lakewood (1999), 86 Ohio St.3d 385 and thereafter dismissed the claim. However, it is well-settled that, in determining whether the complaint fails to state a cause of action pursuant to Civ. R. 12(B)(6), this court's scrutiny is limited to the four corners of the complaint. Loveland Edn.Assn. v. Loveland City School Dist. Bd. of Edn. (1979)58 Ohio St.2d 31. Here, appellant alleged that Woodmere failed to comply with R.C. 149.43. In support of this allegation, appellant listed the various records which he alleged were "public" records as defined in R.C. 149.011 (G), and in the fourth claim of his complaint averred that Woodmere ignored his repeated requests, by letter and public demand, for public records and prevented him from viewing them. We find that after all factual allegations of appellant's complaint are presumed true and all reasonable inferences are made in appellant's favor, that the trial court erred in granting Woodmere's motion to dismiss appellant's fourth claim for failure to state a claim. Failing to find such facts in the complaint, we can only presume that the trial court improperly relied on information outside of the four corners of the complaint in determining that appellant was requesting certain records for the first time in his complaint and that Woodmere had already provided appellant with certain other records. We therefore reverse the judgment of the trial court as it pertains to appellant's fourth claim in the complaint.
 {¶ 12} Claim One, R.C. 149.351
 {¶ 13} R.C. 149.351 (B) provides, in relevant part:
 {¶ 14} "Any person who is aggrieved by the removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record in violation of division (A) of this section, or by threat of such removal, destruction, mutilation, transfer, or other damage to or disposition of such record, may commence either or both of the following in the court of common pleas of the county in which division (A) of this section allegedly was violated or is threatened to be violated:
 {¶ 15} "(1) A civil action for injunctive relief to compel compliance with division (A) of this section, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action;
 {¶ 16} "(2) A civil action to recover a forfeiture in the amount of one thousand dollars for each violation, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action."
 {¶ 17} In this case, the trial court found:
 {¶ 18} "With respect to the foregoing items, Relator alleges that Defendants removed and/or destroyed them in violation of R.C. 149.351. Morever, Relator claims that he has been aggrieved by the apparent removal and/or destruction on the part of Defendants. Relator seeks to compel Defendants to release the documents and to recover a forfeiture in the amount of $1,000 for each violation.
 {¶ 19} "Specifically, Relator claims that he sought access to the documents by letter and public demand Furthermore, he claims that Defendant's `have either refused outright to provide access to the above referenced documents, and to produce those documents for Relator, or they have harassed, hounded and intimidated Plaintiff to discourage and prevent him from viewing those documents in a timely fashion.'
 {¶ 20} "Under Ohio law, a cause of action pursuant to R.C.149.351 does not accrue until either of the following occur: (1) Relator discovers, or should discover, that the public records sought for review have been destroyed or (2) Relator requests the records and is notified that he cannot review them because they have been destroyed. State ex rel. Hunter, et al. v. Alliance
(Stark Cty. App. 2002), 2002-Ohio-1130, 2002 WL 391692, at 3. In his pleadings, though, Relator absolutely fails to allege any facts necessary to demonstrate that a cause of action has accrued. * * *" (Trial Court Memorandum of Opinion and Order, p. 3-4) The trial court thereafter dismissed appellant's claim under R.C. 149.351.
 {¶ 21} We agree with the trial court. In this case, appellant wholly failed to allege any fact which supports the conclusion that Woodmere improperly destroyed or removed public records in violation of R.C. 149.351. Appellant did not aver that he became aware that any particular public record, which he listed in his complaint, was removed or destroyed, nor did he allege that Woodmere notified him of removal or destruction of any such record. While factual allegations of a complaint are taken as true, unsupported conclusions are not. "Unsupported conclusions of a complaint are not considered admitted, * * * and are not sufficient to withstand a motion to dismiss. * * *" State exrel. Hickman v. Capots (1989), 45 Ohio St.3d 324. [Internal citations omitted.] We therefore affirm the trial court's decision granting Woodmere's motion to dismiss claim one of appellant's complaint.
 {¶ 22} Judgment affirmed in part, reversed in part and remanded.
Blackmon P.J., and Karpinski, J., concur.
It is ordered that appellees and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] It appears, however, that a correction has been made to the appearance docket since this appeal was filed and received for review by this court. We decline to consider the newly amended appearance docket as an indication that, prior to this appeal, notice had been issued to the parties.