[Cite as *Guadalupe v. Minadeo*, 2012-Ohio-5071.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98077**

# GLADISA M. GUADALUPE

PLAINTIFF-APPELLEE

vs.

# LAWRENCE MINADEO

DEFENDANT-APPELLEE

**[Appeal by Steven E. Wolkin, Guardian Ad Litem]**

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No. D-333104

**BEFORE:** S. Gallagher, J., Stewart, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 1, 2012

**ATTORNEY FOR APPELLANT**

Steven E. Wolkin
820 W. Superior Avenue
Suite 510
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEES**

**For Gladisa M. Guadalupe**

John V. Heutsche
John V. Heutsche Co., L.P.A.
Hoyt Block Building, Suite 220
700 West St. Clair Avenue
Cleveland, OH   44113-1274

**For Lawrence Minadeo**

Anne C. Fantelli
Gregory J. Moore
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, OH   44114

SEAN C. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel. The guardian ad litem and counsel on behalf of the child appeals from the denial by the Cuyahoga County Court of Common Pleas, Domestic Relations Division, of his motion for relief of judgment and motion for guardian ad litem fees. For the reasons that follow, we affirm.

{¶2} The parties were married on July 5, 2001, and had one child. Mother filed her complaint for divorce on August 25, 2010. Father filed his answer on September 29, 2010.

{¶3} The parties engaged in settlement negotiations relating to custody and visitation on November 7, 2011, the day set for trial before a magistrate. The guardian ad litem participated in the negotiations. The parties reached and signed a shared parenting plan following the negotiations.

{¶4} Because the parties signed the shared parenting plan and all that remained to be decided was the division of property, and the parties' assets and debts, the magistrate told the guardian ad litem that it was not necessary for him to attend the next day's negotiations. The parties settled all remaining issues on November 8, 2011.

{¶5} The guardian ad litem received on November 14, 2011, a copy of the divorce decree dated November 9, 2011.   He found the following language inserted in it:

> The Report of the Guardian Ad Litem is stricken from the record and that Report * * * shall remain confidential and under seal.   Plaintiff, Defendant, or any counsel involved in these proceedings are enjoined from discussing any portion of [the report] with any person or from publishing, disseminating, or circulating the [report] or any portions thereof.

{¶6} On December 13, 2011, the guardian ad litem filed a motion for relief of judgment and a motion for guardian ad litem fees.   In the motion for relief of judgment, he asserted the parties and their counsel inserted the above language in the divorce decree without his knowledge and consent.   In his other motion, the guardian ad litem sought additional fees for the work done in connection with the motion for relief from judgment.[1]  The trial court denied the motions on March 6, 2012, without holding a hearing on either motion.

{¶7} In his first assignment of error, the guardian ad litem repeats the arguments contained in his motion for relief of judgment.   He asserts the trial court abused its discretion by not granting the motion and thereby removing the contested language from the divorce decree and returning the guardian ad litem's report to the court file.   The guardian ad litem argues that by not doing so, he is barred from ever communicating with any future guardian appointed on behalf of the child, either verbally or through his report.   In the second assignment of error, the guardian ad litem argues that the trial court abused

---

[1]   The guardian ad litem was paid for all other fees for services provided in this matter.

its discretion when it failed to conduct an evidentiary hearing before ruling on his motion for relief of judgment and motion for guardian ad litem fees.

{¶8} A Civ.R. 60(B) motion for relief from judgment, however, may not be used as a substitute for a timely appeal. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986), paragraph two of the syllabus. When a party merely reiterates arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available as a substitute for appeal. *Wozniak v. Tonidandel*, 121 Ohio App.3d 221, 228, 699 N.E.2d 555 (8th Dist.1997).

{¶9} The guardian ad litem's appeal and Civ.R. 60(B) motion relate to the final divorce decree dated November 9, 2011. In his appellate brief, the guardian ad litem admitted to receiving a copy of the decree on November 14, 2011. The guardian ad litem did not timely appeal from the decree; rather, he filed a Civ.R. 60(B) motion for relief of judgment on December 13, 2011. In that motion, the guardian ad litem failed to allege or demonstrate any circumstances arising under Civ.R. 60(B)(1) through (5) to support relief from judgment that could not have been raised in a direct appeal. His motion was, therefore, improperly filed as a substitute for an appeal, and the trial court correctly denied it as well as the motion for guardian ad litem fees. *Doe*; *Wozniak*.

{¶10} The guardian ad litem's assignments of error are overruled.

{¶11} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;
MELODY J. STEWART, P.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION


MELODY J. STEWART, P.J., CONCURRING IN JUDGMENT ONLY:

{¶12} I concur with the decision reached by the majority, but write separately only to state that I believe the guardian ad litem appropriately filed a Civ.R. 60(B) motion for relief from judgment. The motion was not a substitute for an appeal because the reason the guardian sought relief from judgment was because there were provisions included in the order about which he was not consulted and to which he did not agree. I do not see how this claim could be examined via the record on appeal.