[Cite as *Wells Fargo Bank, N.A. v. Fields*, 2015-Ohio-4580.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 101814 and 101985**

## WELLS FARGO BANK, N. A.

PLAINTIFF-APPELLEE

vs.

## MICHAEL A. FIELDS, ET AL.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART,
DISMISSED IN PART

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-788300

**BEFORE:**   Hensal, P.J., Carr, J., and Moore, J.

**RELEASED AND JOURNALIZED:** November 5, 2015

**FOR APPELLANTS**

Michael A. Fields, pro se
3640 S. Fulton Avenue
Atlanta, Georgia    30354

Stephanie Fields, pro se
1975 Brookdale Road
Richmond Heights, Ohio    44143


**ATTORNEY FOR APPELLEE**

Kimberly Y. Smith Rivera
McGlinchey Stafford
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio    44122-4640

HENSAL, Presiding Judge.

{¶ 1} Defendant-Appellants, Michael Fields and Stephanie Douglas f/k/a Fields, now appeal from the judgment of the Cuyahoga County Court of Common Pleas, in favor of Plaintiff-Appellee, Wells Fargo Bank, N.A. ("Wells Fargo"). This Court affirms in part and dismisses in part.

I.

{¶ 2} On June 14, 2004, Mr. Fields executed a note[1] in the amount of $168,300 in favor of WMC Mortgage Corporation ("WMC Mortgage") for property located at 1975 Brookdale Road in Richmond Heights ("the Property"). The note was secured by a mortgage on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for WMC Mortgage. The mortgage identified both Mr. Fields and Ms. Douglas as the borrower, and Ms. Douglas signed it on her own behalf as well as on behalf of Mr. Fields. Subsequently, Wells Fargo became the holder of both the note and the mortgage.

{¶ 3} On August 1, 2012, Wells Fargo filed a complaint in foreclosure against Mr. Fields and Ms. Douglas. Wells Fargo attempted to serve them at the Property by private process server and by certified mail, but both attempts failed. The bank was able, however, to secure certified mail return receipts from alternative addresses it had for them. Specifically, the bank served Mr. Fields at an apartment in Atlanta, Georgia, and served Ms. Douglas at a residence in

---

[1] Ms. Douglas signed the note on behalf of Mr. Fields, her former husband, pursuant to a power of attorney.

Lithonia, Georgia. Both attempts at service resulted in the return of certified mail return receipts purportedly signed by individuals other than Mr. Fields and Ms. Douglas.

{¶ 4} When neither Mr. Fields, nor Ms. Douglas filed responsive pleadings, Wells Fargo sought a default judgment against them. A default hearing was set for March 21, 2013, but the hearing did not go forward. Three days before the hearing, Ms. Douglas filed a motion to dismiss in which she argued that she had never received Wells Fargo's complaint. Ms. Douglas indicated that she had never maintained a residence in Lithonia, Georgia, so it was improper for Wells Fargo to serve her there. In response to her motion, Wells Fargo once again attempted to serve Ms. Douglas by certified mail at the Property. The attempt was unsuccessful, so the bank instructed the clerk to serve her at the Property by ordinary mail. Ordinary mail service succeeded, and Ms. Douglas answered the bank's complaint. Meanwhile, the court denied the bank's motion for default judgment and Ms. Douglas' motion to dismiss.

{¶ 5} On June 4, 2013, Ms. Douglas filed a motion in which she asked the court to either dismiss the matter or grant her summary judgment on the basis that the parties had reached a settlement in 2009. Wells Fargo filed a brief in opposition to her motion, and the trial court later denied it. Wells Fargo then sought summary judgment against Ms. Douglas and a default judgment against Mr. Fields, who had yet to appear in the action.

{¶ 6} The court set the matter for a default hearing on September 26, 2013. One day before the scheduled default hearing, Mr. Fields filed a motion to strike the complaint. Mr. Fields argued that Wells Fargo failed to commence its suit against him within one year of its filing because Wells Fargo had never properly served him with its complaint. Subsequently, the court denied the motion to strike. Meanwhile, Ms. Douglas and Wells Fargo filed several additional briefs with respect to Wells Fargo's motion for summary judgment.

{¶ 7}   On April 2, 2014, a magistrate issued a decision on Wells Fargo's motions for default judgment and summary judgment.   The magistrate determined that Wells Fargo had properly served Mr. Fields with its complaint and that he had failed to deny the allegations contained therein.   Consequently, with regard to Mr. Fields, the magistrate granted a default judgment in favor of Wells Fargo.   With regard to Ms. Douglas, the magistrate determined that no genuine issues of material fact remained and that Wells Fargo was entitled to summary judgment.

{¶ 8}   Both Mr. Fields and Ms. Douglas filed objections to the magistrate's decision, and Wells Fargo filed briefs in opposition.   On May 23, 2014, the trial court issued its decision, overruling their objections and adopting the decision of the magistrate.   The trial court entered judgment in favor of Wells Fargo in the amount of $167,047.09, plus interest.   Additionally, the court ordered the Property to be sold at sheriff's sale.

{¶ 9}   On July 22, 2014, Mr. Fields and Ms. Douglas filed a motion to enforce the terms of a settlement they had allegedly reached with Wells Fargo in 2009.   They also filed a motion to stay the execution of the court's judgment based on the alleged settlement.   Additionally, they filed a motion for relief pursuant to Civil Rule 60(B).   In their Civil Rule 60(B) motion, Mr. Fields and Ms. Douglas once again argued that Wells Fargo had never properly served them with its complaint.   They also argued that the 30-day timeframe within which to file their appeal had never commenced because they were never served with a copy of the court's judgment entry. Wells Fargo filed briefs in opposition to each of the three foregoing motions, and the trial court denied them.   On August 11, 2014, the Property was sold at sheriff's sale.

{¶ 10}   Subsequently, Mr. Fields and Ms. Douglas appealed from the court's judgment entry of foreclosure and filed a motion to stay all the proceedings.   The Eighth District initially

dismissed their appeal as untimely, but reinstated the appeal on reconsideration. In the meantime, the trial court issued a decree of confirmation for the sale of the Property. The trial court also denied a second motion to stay the proceedings.

{¶ 11} Mr. Fields and Ms. Douglas filed a second appeal to contest the trial court's decree of confirmation, and their two appeals were consolidated for oral argument and decision. The Ohio Supreme Court then assigned the matter to a panel of visiting judges.

{¶ 12} Mr. Fields and Ms. Douglas now appeal from the trial court's judgments and raise eight assignments of error for our review. For ease of analysis, we rearrange and consolidate several of the assignments of error.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING DEFENDANT MICHAEL FIELDS'S MOTION TO STRIKE PLAINTIFF'S COMPLAINT FOR FAILURE TO COMMENCE WHERE HE WAS NOT JOINED AS AN INDISPENSABLE PARTY PURSUANT TO CIV.R. 19.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED ABUSED ITS DISCRETION IN DENYING DEFENDANT STEPHANIE FIELDS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO CIV.R. 4(E).

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT MICHAEL FIELDS WHERE THAT JUDGMENT WAS CONTRARY TO CIV.R. 55.

### ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT STEPHANIE FIELDS AND DENYING DEFENDANT STEPHANIE FIELDS'S[] MOTION TO DISMISS WITH PREJUDICE.

### ASSIGNMENT OF ERROR VIII

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHERE IT ENTERED JUDGMENT AGAINST DEFENDANTS, AND FAILED PURSUANT TO CIV.R. 58, TO GIVE INSTRUCTION TO THE CLERK TO ISSUE NOTICE OF THE TRIAL COURT'S JUDGMENT TO DEFENDANTS AND THEN PROCEEDED TO ENTER AN ORDER OF SALE AND CONFIRMATION OF SALE.

{¶ 13} In each of the foregoing assignments of error, Mr. Fields and Ms. Douglas challenge various aspects of the trial court's judgment entry of foreclosure as well as its ruling on certain interlocutory orders that merged with the final judgment. Because the record reflects that their appeal from the court's judgment entry of foreclosure is untimely, we cannot address the merits of the foregoing assignments of error.

{¶ 14} In general, "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal * * * within 30 days of that entry." App.R. 4(A)(1). An exception exists in civil cases in which the clerk fails to complete service "within the three-day period prescribed in [Civil Rule] 58(B)." App.R. 4(A)(3). In those cases, "the 30-day period[] * * * begin[s] to run on the date when the clerk actually completes service." *Id.* "It is well established that an appellate court lacks jurisdiction over any appeal that is not timely filed." *Brown v. Solon Pointe at Emerald Ridge*, 8th Dist. Cuyahoga No. 99363, 2013-Ohio-4903, ¶ 8.

{¶ 15} The trial court here entered its judgment entry of foreclosure on May 23, 2014. Mr. Fields and Ms. Douglas did not file their notice of appeal until August 15, 2014, 84 days later. Thus, they filed their notice of appeal well beyond the 30-day time limit established by Appellate Rule 4(A)(1). According to Mr. Fields and Ms. Douglas, their appeal is timely because the court never instructed the clerk to serve them with a copy of its final judgment entry. They argue that service was not perfected upon them in accordance with Civil Rule 58(B), so their 30-day window for filing an appeal never commenced. *See* App.R. 4(A)(3). Because Mr.

Fields and Ms. Douglas have not shown that the clerk failed to perfect service upon them, however, we reject their argument.

{¶ 16} Civil Rule 58(B) provides:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by [Civil Rule] 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in [Appellate Rule] 4(A).
>
> Thus, the 30-day time limit for an appeal "does not begin to run until the later of (1) entry of the judgment * * * appealed if the notice mandated by [Civil Rule] 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period * * *." *In re A.A.*, 8th Dist. Cuyahoga No. 85002, 2005-Ohio-2618, ¶ 12, quoting *Whitehall ex rel. Fennessy v. Bambi Motel, Inc.*, 131 Ohio App.3d 734, 741 (10th Dist.1998).

{¶ 17} The record here reflects that the trial court failed to include in its judgment entry of foreclosure an instruction to the clerk to serve the parties with "notice of the judgment and its date of entry upon the journal." Civ.R. 58(B). Nevertheless, the record also reflects that the clerk included a notation of service when it docketed the court's judgment entry. Specifically, the docket entry for the court's foreclosure judgment is followed by the language "NOTICE ISSUED." Accordingly, there is evidence in the record that the clerk served the parties with notice of the judgment entry of foreclosure.

{¶ 18} "Once the clerk has served the parties notice of the entry [of judgment] and made the appropriate notation in the appearance docket, notice is deemed served, and the time for filing

the notice of appeal begins to run." (Emphasis omitted.) *State ex rel. DelMonte v. Village of Woodmere*, 8th Dist. Cuyahoga No. 83293, 2004-Ohio-2340, ¶ 3. "In cases where the civil rules on service are followed, there is a rebuttable presumption of proper service. A party's failure to receive such notice after it has been served is neither a basis to challenge the validity of the judgment nor a defense for failure to file a timely appeal." (Internal citations omitted.) *State ex rel. Ormond v. Solon*, 8th Dist. Cuyahoga No. 82553, 2003-Ohio-5654, ¶ 7. *Accord Perkins v. Halex Co.*, 8th Dist. Cuyahoga No. 67253, 1995 WL 229104, *2 (Apr. 13, 1995); *Balogh v. Balogh*, 8th Dist. Cuyahoga No. 67645, 1995 WL 33067, *1 (Jan. 26, 1995). "Although [a] docket notation is not conclusive evidence that service was made, a reviewing court shall presume regularity absent any evidence to the contrary." *State ex rel. Ormond* at ¶ 8.

{¶ 19} Neither Mr. Fields, nor Ms. Douglas presented any evidence to rebut the presumption that proper service occurred here. *Compare DeFini v. Broadview Hts.*, 76 Ohio App.3d 209, 211-214 (8th Dist.1991). Although the court failed to include Civil Rule 58(B) language in its judgment entry, the docket reflects that the clerk nonetheless issued notice of the entry. *Compare State v. Tucker*, 8th Dist. Cuyahoga No. 95556, 2011-Ohio-4092, ¶ 9-10 (time for filing appeal never commenced where trial court did not direct clerk to serve notice and "clerk also failed to note the date of any notice sent"); *Whitehall ex rel. Fennessy*, 131 Ohio App.3d at 741 ("Where the trial court never instructed the clerk to send notices to the parties and where no notices were sent in compliance with Civ.R. 58(B), the appeal is deemed timely under App.R. 4(A)."). In the absence of evidence to the contrary, this Court must presume that the clerk did, in fact, issue that notice. *See State ex rel. Ormond* at ¶ 8. Thus, Mr. Fields and Ms. Douglas "have not demonstrated that [the] clerk failed to comply with [Civil Rule] 58(B)." *State ex rel. Caldwell v. Gallagher*, 8th Dist. Cuyahoga No. 98317, 2012-Ohio-4608, ¶ 8

(appellant failed to show that clerk did not comply with Civil Rule 58(B) where appearance docket reflected "notice issued" for the journal entry at issue).

{¶ 20} Once again, the time for filing the notice of appeal commences "[o]nce the clerk has served the parties notice of the entry [of judgment] and made the appropriate notation in the appearance docket * * *." (Emphasis omitted.) *State ex rel. DelMonte* at ¶ 3. According to the docket here, the clerk issued notice of the court's judgment entry on May 23, 2014, the same day that the court entered its judgment. Because Mr. Fields and Ms. Douglas did not file their notice of appeal within 30 days of that date, their appeal from the judgment entry of foreclosure is untimely.[2] Thus, we lack jurisdiction to address the foregoing assignments of error. *See Brown v. Solon Pointe at Emerald Ridge*, 8th Dist. Cuyahoga No. 99363, 2013-Ohio-4903, ¶ 8.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN DENYING DEFENDANTS' MOTION TO ENFORCE MODIFICATION AGREEMENT, AND SUBSEQUENTLY FAILING TO HOLD A HEARING ON DEFENDANTS' MOTION.

---

[2] We acknowledge that this appeal was originally dismissed as untimely, but reinstated on reconsideration after Mr. Fields and Ms. Douglas pointed to the lack of Civil Rule 58(B) language in the court's judgment entry of foreclosure. We note that an appellate court's decision to reinstate an appeal after dismissal does not guarantee that the appeal will ultimately proceed to a determination on its merits. This appeal was dismissed and then reinstated at a very early stage of the appellate proceedings, before the record in this matter was even due to be filed. Moreover, our decision in this matter does not run afoul of the case law cited in support of the order granting reconsideration. *See State ex rel. Ford v. McClelland*, 8th Dist. Cuyahoga No. 100014, 2013-Ohio-4379, ¶ 5. Thus, we do not view the order granting reconsideration as being dispositive of the issue of timeliness.

{¶ 21} In their fourth assignment of error, Mr. Fields and Ms. Douglas argue that the trial court erred by denying their motion to enforce and by doing so without first holding a hearing. We disagree.

{¶ 22} After the trial court entered its judgment entry of foreclosure, Mr. Fields and Ms. Douglas filed a "motion to enforce modification agreement." The essence of their motion was that Wells Fargo was not entitled to judgment because it had agreed to settle this matter in 2009. Mr. Fields and Ms. Douglas asked the court to enforce the modification agreement that the parties had allegedly reached, but the court denied their motion.[3]

{¶ 23} "Under Ohio law, once a trial court has entered a final judgment in a matter * * * a party's options for legal recourse become significantly limited." *Rocky River v. Garnek*, 8th Dist. Cuyahoga No. 97540, 2012-Ohio-3079, ¶ 7, quoting *Avon Lake Sheet Metal Co., Inc. v. Huntington Environmental Sys., Inc.*, 9th Dist. Lorain No. 03CA008393, 2004-Ohio-5957, ¶ 11. A post-judgment motion to enforce a modification agreement "is not provided for in any * * * civil rule and is therefore considered a legal nullity." *Cleveland v. Farrell*, 8th Dist. Cuyahoga No. 100136, 2014-Ohio-3131, ¶ 10, fn.2. The motion filed here was tantamount to a motion for reconsideration, and "motions for reconsideration are not allowable either expressly or impliedly in the trial court after a final judgment." *U.S. Bank, N.A. v. Majchrowicz*, 8th Dist. Cuyahoga No. 100174, 2014-Ohio-2530, ¶ 18. Because the motion that Mr. Fields

---

[3] Mr. Fields and Ms. Douglas appealed within 30 days of the court's denial of their motion to enforce, as well as its denial of their Civil Rule 60(B) motion for relief from judgment. *See* discussion, *infra.* Although they did not include those rulings in their original notice of appeal, they subsequently

and Ms. Douglas filed amounted to a legal nullity, the trial court did not err by denying it.

*See Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981). *See also Garnek* at

¶ 8. As such, Mr. Fields and Ms. Douglas' fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION
> IN DENYING DEFENDANTS['] MOTION FOR RELIEF FROM
> JUDGMENT.

{¶ 24} In their fifth assignment of error, Mr. Fields and Ms. Douglas argue that the trial

court erred by denying their motion for relief from judgment under Civil Rule 60(B). We

disagree.

{¶ 25} "A reviewing court will not disturb a trial court's decision regarding a [Civil

Rule] 60(B) motion absent an abuse of discretion." *Fannie Mae Fed. Natl. Mtge. Assn. v.*

*Nedbalski*, 8th Dist. Cuyahoga No. 102247, 2015-Ohio-2159, ¶ 12.

> To prevail on a [Civil Rule] 60(B) motion to vacate judgment, the moving
> party must demonstrate (1) the party has a meritorious defense or claim to present
> if relief is granted; (2) the party is entitled to relief under one of the grounds stated
> in [Civil Rule] 60(B)(1) through (B)(5); and (3) the motion is made within a
> reasonable time * * *.

*M & T Bank v. Steel*, 8th Dist. Cuyahoga No. 101924, 2015-Ohio-1036, ¶ 9, citing *GTE*

*Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the

syllabus. "If any of these three requirements is not met, the motion should be overruled."

*Nedbalski* at ¶ 12. Moreover, "[w]hen a party merely reiterates arguments that concern the

merits of the case and that could have been raised on appeal, relief under [Civil Rule] 60(B) is

not available as a substitute for appeal." *Guadalupe v. Minadeo*, 8th Dist. Cuyahoga No. 98077,

2012-Ohio-5071, ¶ 8.

---

amended their notice of appeal so as to include them. Consequently, we address those rulings.

{¶ 26} Mr. Fields and Ms. Douglas argue that they were entitled to relief under either Civil Rule 60(B)(1) or (B)(5) because they never received notice of the judgment entry of foreclosure. They note that the court's judgment entry does not contain Civil Rule 58(B) language. According to Mr. Fields and Ms. Douglas, they were still awaiting a response on their objections to the magistrate's decision when they learned that their property was scheduled for sheriff's sale. They argue that the trial court failed to address one of their objections, regarding a settlement that they allegedly reached with Wells Fargo in 2009. Additionally, they note that their Civil Rule 60(B) motion contained "[o]ther meritorious defenses."

{¶ 27} To prevail on their Civil Rule 60(B) motion, Mr. Fields and Ms. Douglas had to "show 'operative facts' demonstrating entitlement to relief." *Parts Pro Automotive Warehouse v. Summers*, 8th Dist. Cuyahoga No. 99574, 2013-Ohio-4795, ¶ 13. They could not satisfy their burden by resting upon "bare allegations of entitlement to relief." *Id.* Yet, that is precisely what they attempted to do in their motion. Other than the judgment entry of foreclosure itself, they did not point to any evidence tending to show that they were not served with the judgment. Although the judgment entry does not contain a Civil Rule 58(B) directive to the clerk, the docket reflects that the clerk nonetheless issued notice of the judgment. *See* discussion, *supra*. Neither Mr. Fields, nor Ms. Douglas submitted any evidence to rebut the presumption that the clerk did, in fact, issue that notice. *See State ex rel. Ormond*, 2003-Ohio-5654, at ¶ 7-8 (presumption of service arises when docket notation indicates notice was issued). Accordingly, they did not "show 'operative facts' demonstrating [their] entitlement to relief." *Parts Pro Automotive Warehouse* at ¶ 13.

{¶ 28} To the extent Mr. Fields and Ms. Douglas argue that the trial court failed to address one of their objections to the magistrate's decision, that argument could have been raised

on direct appeal. As previously noted, "relief under [Civil Rule] 60(B) is not available as a substitute for appeal." *Guadalupe*, 2012-Ohio-5071, at ¶ 8. Because Mr. Fields and Ms. Douglas could have challenged the court's ruling on their objections via a timely appeal, they were not entitled to Civil Rule 60(B) relief on that basis.

{¶ 29} Lastly, Mr. Fields and Ms. Douglas argue that the trial court abused its discretion by denying their Civil Rule 60(B) motion because their motion raised "[o]ther meritorious defenses." They have not separately analyzed any of the "[o]ther meritorious defenses" in their assignment of error, however, and "it is not the duty of this Court to develop an argument in support of an assignment of error if one exists." *State v. Collins*, 8th Dist. Cuyahoga No. 89668, 2008-Ohio-2363, ¶ 91, quoting *State v. Franklin*, 9th Dist. Summit No. 22771, 2006-Ohio-4569, ¶ 19. An "appellant carries the burden of establishing his claims on appeal through the use of legal authority and facts contained in the record." *Collins* at ¶ 88. Because Mr. Fields and Ms. Douglas have not developed their argument, we reject their blanket assertion that they were entitled to relief with respect to their "[o]ther meritorious defenses."

{¶ 30} In sum, Mr. Fields and Ms. Douglas have not shown that the trial court abused its discretion by denying their motion for relief from judgment. Consequently, their fifth assignment of error is overruled.

ASSIGNMENT OF ERROR VI

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS.

{¶ 31} In their sixth assignment of error, Mr. Fields and Ms. Douglas argue that the trial court abused its discretion when it denied their motions to stay the proceedings. We disagree.

{¶ 32} "The determination of whether to issue a stay of proceedings generally rests within the trial court's discretion and will not be disturbed absent a showing of abuse of

discretion." *Lenard v. Miller*, 8th Dist. Cuyahoga No. 99460, 2013-Ohio-4703, ¶ 20. "The term 'abuse of discretion' connotes judgment exercised by a court that does not comport with either reason or the record." *State v. Maddox*, 8th Dist. Cuyahoga No. 102133, 2015-Ohio-2859, ¶ 13.

{¶ 33} Mr. Fields and Ms. Douglas filed two motions to stay. They filed their first motion to stay on July 22, 2014. In that motion, they asked the court to stay the proceedings so that it might grant their motion to enforce the modification agreement that they allegedly reached with Wells Fargo in 2009.[4] They filed their second motion to stay on August 28, 2014. In that motion, they did not assert any grounds in support of their motion.

{¶ 34} As previously noted, Mr. Fields and Ms. Douglas' post-judgment "motion to enforce modification agreement" was a nullity. *See* discussion, *supra*. Because the motion was a nullity, we cannot conclude that the trial court abused its discretion when it refused to stay the matter in order to consider it. Likewise, we cannot conclude that the court abused its discretion when it denied Mr. Fields and Ms. Douglas' second motion for a stay. Their second motion did not set forth any basis in support of their request for a stay. Accordingly, the court's decision to deny it comported with both reason and the record. *See Maddox* at ¶ 13. Mr. Fields and Ms. Douglas' sixth assignment of error is overruled.

III.

{¶ 35} Mr. Fields and Ms. Douglas' fourth, fifth, and sixth assignments of error are overruled. This Court lacks jurisdiction to consider the merits of their remaining assignments of

---

[4]

 Contrary to Mr. Fields and Ms. Douglas' assertion on appeal, their first motion to stay did not ask the court to stay the matter on the basis that the court's judgment was contrary to the service

error, as those assignments of error stem from an untimely appeal. With regard to those assignments of error, the appeal is dismissed. With regard to their fourth, fifth, and sixth assignments of error, the judgment of the Cuyahoga County Court of Common Pleas is affirmed.

Judgment affirmed in part,
And appeal dismissed in part.

It is ordered that appellee recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
JENNIFER HENSAL, PRESIDING JUDGE


CARLA MOORE, J. CONCURS


CARR, J., concurring in part and dissenting in part.

{¶ 36} I respectfully dissent from the majority's determination that a portion of this appeal is untimely. The Eighth District Court of Appeals originally dismissed Mr. Fields and Ms. Douglas' appeal from the trial court's judgment entry of foreclosure because it determined that their appeal was untimely. The Eighth District then reconsidered its decision, however, and reinstated their appeal, thereby concluding that it was, in fact, timely. Because the Eighth

requirements of Civil Rule 58(B).

District has already spoken on the issue of timeliness, I would not revisit its decision. Instead, I would adhere to its determination on the issue of timeliness and address that portion of the appeal on the merits. As to the remainder of the opinion, I concur in the majority's resolution of Mr. Fields and Ms. Douglas' assignments of error. As such, I respectfully concur in part and dissent in part.

(Sitting by assignment: Judge Donna Carr, Judge Jennifer Hensal, and Judge Carla Moore, of the Ninth District Court of Appeals.)