[Cite as *State v. Blacker*, 2025-Ohio-526.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

     Plaintiff-Appellee,                     :

                              No. 24AP-546

v.                                               :         (C.P.C. No. 21CR-0993)

Nathanial Blacker,                               :         (REGULAR CALENDAR)

     Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on February 18, 2025

---

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Nathaniel Blacker*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} Defendant-appellant, Nathanial Blacker, appeals from the August 6, 2024 entry of the Franklin County Court of Common Pleas denying his "Motion For Court To Issue Proper Notice of April 8, 2024 Entry." Because we find the trial court properly denied his motion, we affirm the judgment below.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 2} On July 18, 2024, Mr. Blacker, pro se, filed a motion for leave to file a delayed appeal under App.R. 5(A) from the April 8, 2024 judgment of the Franklin County Court of Common Pleas denying his petition for postconviction relief. In his motion, he claimed he did not receive the trial court's April 8th judgment entry until the time for filing an appeal had already expired. On September 12, 2024, this court issued a memorandum decision denying Mr. Blacker's motion for leave to file a delayed appeal. In our decision, we first concluded that Mr. Blacker had appealed from the denial of a petition for postconviction

relief, which we deemed civil in nature.  Second, we concluded that because Mr. Blacker's appeal was civil in nature, App.R. 5(A) was not available to Mr. Blacker as an avenue for filing a delayed appeal.  (*See* Sept. 12, 2024 Memo Decision at ¶ 4-5.)  Therefore, we denied Mr. Blacker's motion for leave to file a delayed appeal from the trial court's April 8, 2024 entry.  (Sept. 12, 2024 Memo Decision at ¶ 5.)

{¶ 3}   On July 18, 2024, while his motion for leave to file a delayed appeal was pending, Mr. Blacker also filed the motion that is the subject of this appeal.  In his motion, Mr. Blacker asserted he never received a copy of the April 8, 2024 entry denying his petition for postconviction relief.  Because he had not received a copy of the entry and due to the expiration of the 30-day time frame for filing a timely appeal, Mr. Blacker asked the trial court to "issue a proper notice of the April 8, 2024 entry so that [he could] file a timely appeal."  (July 18, 2024 Mot. for Ct. to Issue Proper Notice of April 8, 2024 Entry at 3.)

{¶ 4}   On August 6, 2024, the trial court denied Mr. Blacker's motion.  In so doing, the court concluded the motion lacked merit because (1) the April 8th entry provided for service upon Mr. Blacker, (2) by letter dated June 11, 2024, the Franklin County Clerk of Courts provided Mr. Blacker another copy of the same entry, and (3) Mr. Blacker filed an appeal from the entry on June 21, 2024.  (Aug. 6, 2024 Entry.)

{¶ 5}   Mr. Blacker now appeals from that decision and asserts a sole assignment of error for our review:

> THE COMMON PLEAS COURT ABUSED IT'S DISCRETION WHEN IT DID NOT HOLD AN EVIDENTIARY HEARING AND SET ASIDE AND RE-ENTERED THE JUDGMENT ENTRY SO THAT APPELLANT COULD APPEAL FROM THE COMMONS PLEAS COURT'S APRIL 8, 2024 JUDGMENT ENTRY.

(Sic. passim.)[1]

## II. ANALYSIS

### A.  Mr. Blacker's Sole Assignment of Error

{¶ 6}   Mr. Blacker missed his deadline for filing a direct appeal of the trial court's entry denying his petition for postconviction relief.  He claims he was unable to meet the

---

[1] On January 15, 2025, after briefing concluded, Mr. Blacker also filed a motion to reopen his appeal pursuant to App.R. 26(B).

filing deadline because he did not receive a copy of the trial court's entry until he requested one after the deadline had lapsed. As a result, Mr. Blacker asked the trial court to reissue its April 8, 2024 decision in order to restart his clock for filing a timely appeal. (*See* July 18, 2024 Mot. for Ct. to Issue Proper Notice of April 8, 2024 Entry at 1 ("The defendant moves this Court for relief from its April 8, 2024 entry by issuing proper notice to him so that he can file a timely appeal.").)

{¶ 7} The trial court did not abuse its discretion in denying Mr. Blacker's request. Although Mr. Blacker asserts he is entitled to his requested relief because he did not receive actual notice of the trial court's April 8, 2024 entry, Ohio law does not provide a procedural mechanism for a trial court to reissue a civil entry in order to restart the clock for filing a timely appeal.

{¶ 8} We note, however, that because we have already concluded the underlying trial court proceedings in this matter are civil in nature, they are subject to App.R. 4(A)(3), which states, "In a civil case, if the clerk has not completed service of notice of the judgment within the three-day period described in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." Pursuant to Civ.R. 58(B), "[u]pon serving the notice and notation of the service in the appearance docket, the service is complete." Only once a clerk has served notice of an entry *and* entered the appropriate notation on the docket, "the notice shall be deemed to have been served." *Atkinson v. Grumman Ohio Corp.*, 37 Ohio St.3d 80 (1998), paragraph two of the syllabus. *See also State ex rel. Sautter v. Grey*, 2008-Ohio-1444, ¶ 9-17. Therefore, where "there is nothing to indicate that the clerk served the parties, and service is not noted in the appearance docket," it is accordingly not deemed served and the time for filing a notice of appeal has not yet run. *Perrucci v. Whittington*, 2018-Ohio-2968, ¶ 8. *See also State v. R.L.W.*, 2024-Ohio-1249, ¶ 7-8 (10th Dist.); *State ex rel. Delmonte v. Woodmere*, 2004-Ohio-2340, ¶ 3 (8th Dist.); *In re E.S.*, 2020-Ohio-4405, ¶ 24-25 (5th Dist.).

{¶ 9} As of the time of this decision, service of the April 8, 2024 entry that Mr. Blacker seeks to appeal was not noted on the docket for case No. 21CR-0993. While we are unable to provide any relief in the instant appeal, it appears the time for filing a direct

appeal from the trial court's April 8, 2024 entry has not actually begun to run because service has not been noted on the docket. *See* App.R. 4(A)(3); Civ.R. 58(B).

{¶ 10} Having found the trial court did not abuse its discretion in denying Mr. Blacker's July 18, 2024 motion, we overrule Mr. Blacker's sole assignment of error.

### B. Mr. Blacker's January 15, 2025 Application to Reopen His Appeal

{¶ 11} On January 15, 2025, Mr. Blacker filed a motion to reopen his appeal pursuant to App.R. 26(B) under case No. 24AP-546, claiming he received ineffective assistance of appellate counsel. He raises two claims: (1) his appellate counsel was deficient for failing "to challenge the trial court[']s failure to give factual findings and conclusions and legal conclusions when it overruled the Appellant's amended motion to dismiss" (Jan. 15, 2025 Mot. to Reopen Pursuant to App.R. 26(B) at 3); and (2) his appellate counsel was deficient for failing to address trial counsel's ineffectiveness "in not removing himself after a conflict of interest" (Jan. 15, 2025 Mot. at 6).

{¶ 12} Pursuant to App.R. 26(B)(1), "[a] defendant in a criminal case or a delinquent child in a juvenile case may apply for reopening of the appeal from the judgment of conviction and sentence or a judgment of adjudication or disposition based on a claim of ineffective assistance of appellate counsel." The rule further states that "[a]n application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(1).

{¶ 13} Mr. Blacker filed his motion under the instant case number, yet we have not rendered a decision and Mr. Blacker has not been represented by appellate counsel in this matter. As such, we conclude a motion under App.R. 26(B) is both premature (because the appeal remains open and a decision has not yet been rendered) and meritless (because a claim of ineffective assistance of appellate counsel cannot stand where Mr. Blacker has not been represented by counsel in this matter). We therefore deny Mr. Blacker's motion to reopen his appeal.

**III. CONCLUSION**

{¶ 14} Having overruled Mr. Blacker's sole assignment of error and denied his January 15, 2025 motion to reopen his appeal under App.R. 26(B), we affirm the August 6, 2024 judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed;*
*motion to reopen appeal denied.*

JAMISON, P.J. and MENTEL, J., concur.

———————————